## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| RASHARD KIMAKO WAGNER, | ) | |
| | ) | No. 2:04-cr-0853 |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on petitioner Rashard Kimako Wagner's

motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. §

2255. The government filed a motion to dismiss, or in the alternative, a motion for

summary judgment. For the reasons set forth below, petitioner's motion is denied,

and the government's motion for summary judgment is granted.

### I.  BACKGROUND

Petitioner pled guilty on December 28, 2004 to:  (1) possession of cocaine

with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and

(b)(1)(C); (2) using and carrying a firearm during and in relation to a drug trafficking

crime, in violation of 18 U.S.C. § 924(c)(1); and (3) possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  The

court found that petitioner's prior conviction in 1998 for possession of marijuana with

intent to distribute (PWID) contributed to his qualification for an enhanced sentence

under 21 U.S.C. § 851 and U.S.S.G. § 4B1.1 as a "career offender."  The court

sentenced petitioner to a total of 262 months imprisonment based on the career

offender enhancement on April 18, 2005. Petitioner appealed his sentence, and the Fourth Circuit affirmed on November 15, 2005.

On December 27, 2011, petitioner filed this motion arguing that there has been a subsequent change in law which affected his substantive rights. The government responded to petitioner's motion on February 10, 2012, and moved to dismiss the claim, or in the alternative, for summary judgment. Petitioner filed a response on March 15, 2012. According to petitioner, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) (Simmons III), and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), have prompted a retroactive change in law that invalidates the court's use of petitioner's prior PWID conviction to enhance his sentence.

## II.  STANDARDS

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." Id. At

the summary judgment stage, the court must view the evidence in the light most

favorable to the non-moving party and draw all justifiable inferences in its favor. Id.

at 255.

### III. DISCUSSION

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States . . . may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

Section 4B1.1(a) of the United States Sentencing Guidelines contains three

requirements for determining that a "career offender" enhancement should be applied

to a defendant's sentence:

> A defendant is a career offender if (1) the defendant was at least
> eighteen years old at the time the defendant committed the instant
> offense of conviction; (2) the instant offense of conviction is a felony
> that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a
> crime of violence or a controlled substance offense.

Petitioner claims that element (3) is absent in his case because his prior PWID was

not a "felony conviction" under Simmons III.

Section 4B1.2 of the Guidelines, which defines terms used in § 4B1.1,

explains that a felony controlled substance offense is

> an offense under federal or state law, *punishable by a term of
> imprisonment of more than one year*, that prohibits the manufacture,
> import, export, distribution, or dispensing of a controlled substance (or
> a counterfeit substance) or the possession of a controlled substance (or
> a counterfeit substance) with intent to manufacture, import, export,
> distribute, or dispense.

U.S.S.G § 4B1.2 (emphasis added).  Petitioner argues that because he was not actually sentenced to more than one year of imprisonment for his prior drug offense, it is not a prior felony controlled substance offense.

Petitioner's arguments are based on an incorrect understanding of <u>Simmons III</u>.  A brief history may be helpful.  In 2006, a North Carolina district court sentenced Jason Simmons for a federal crime and applied an enhancement for a prior conviction "punishable by imprisonment for more than one year."  <u>Simmons III</u>, 649 F.3d at 239-41.  The district court used Simmons's prior state court conviction for possession of marijuana with intent to sell as the basis for applying this enhancement.  When the state court convicted Simmons of that prior marijuana offense, Simmons had been a first time offender, and the North Carolina statute only prescribed community service for first time offenders, rather than imprisonment.  <u>Id.</u> at 240-41.  However, the North Carolina statute in conjunction with a North Carolina statutory sentencing formula designated that other defendants with a sufficient prior record could be sentenced to more than one year in prison.  <u>Id.</u>  In finding that Simmons's prior marijuana conviction was "punishable by more than one year in prison," the district court relied on <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005), which held that "to determine whether a conviction is a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."  Thus, because the North Carolina statute permitted courts to punish some hypothetical defendant by more than one year in prison, the district court held that Simmons had been convicted of a crime "punishable by more than one year."  The Fourth Circuit affirmed the

district court decision in an unpublished opinion.  See United States v. Simmons, 340 Fed. App'x 141 (4th Cir. 2009) (Simmons I).

In 2010, the Supreme Court vacated and remanded Simmons I along with several other cases for the Fourth Circuit to "consider in light of Carachuri-Rosendo v. Holder."  Simmons v. United States, 130 S. Ct. 3455 (2010).  A panel of the Fourth Circuit reheard Simmons's case but concluded that "Carachuri-Rosendo is inapplicable" because Carachuri-Rosendo involved the interpretation of "the plain language" of a specific immigration statute that "differ[ed] in critical respects from the statute at issue in the criminal proceeding."  United States v. Simmons, 635 F.3d 140, 145 (4th Cir. 2011) (Simmons II).  The Fourth Circuit then granted rehearing en banc and overturned the panel decision.  See Simmons III, 649 F.3d 237.  In Simmons III, the Fourth Circuit held "'the conviction itself' must serve as our 'starting place.'"  Id. at 243 (quoting Carachuri-Rosendo, 130 S. Ct. at 2586).  In overturning United States v. Harp, the Fourth Circuit explained that district courts should not consider "hypothetical aggravating factors" but should consider the crime for which a defendant was "actually convicted."  Id. at 244-45.

Petitioner and many other inmates in his position interpret Simmons III to hold that if a defendant was not *actually sentenced* to more than one year in prison, then the defendant was not convicted of a crime punishable by more than one year. This is incorrect.  The question is, rather, was the defendant *actually convicted* of a crime for which the defendant himself *could have* received a sentence of more than one year in prison.  The analysis turns on the circumstances underlying the

defendant's own conviction, not the amount of time for which the defendant was sentenced or imprisoned.

In <u>United States v. Thompson</u>, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2011) (unpublished), the Fourth Circuit explained,

> Pursuant to <u>Simmons</u> [III], in evaluating whether a defendant's prior state conviction qualifies as a felony . . ., the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment. Thus, following <u>Simmons</u> [III], a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have received a sentence in excess of one year for the offense.

Turning to the facts of the present case, this court found that petitioner was a career offender based in part on his 1998 conviction for possession of marijuana with intent to distribute. Pursuant to S.C. Code § 44-53-370(a)-(b)(2) (2002), (2005), "a first offense [for possession with intent to distribute any other controlled substance classified in Schedule I, II, or III] must be imprisoned not more than five years." Therefore, though petitioner was only sentenced to six months imprisonment, his offense was undoubtedly "punishable" by more than one year of imprisonment. Whether or not a defendant was actually sentenced to or incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are "punishable" by more than one year of imprisonment, and therefore, qualify as "prior felonies" under the Sentencing Guidelines.

Petitioner's prior conviction was, therefore, a valid basis for his classification as a career offender, and his request for resentencing is denied. Because petitioner's

claim clearly fails on the merits, the court need not discuss the procedural problems in the petition.[1]

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 24, 2012**
**Charleston, South Carolina**

---

[1] See United States v. Powell, No. 11-6152 (4th Cir. Aug. 20, 2012).